UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| James Cornelius Gary, | ) | C/A No.: 2:07-cv-0358-GRA |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | (Written Opinion) |
| v. | ) | |
| | ) | |
| D. Gordineer, Doctor at Greenwood County Detention Center; and NFN Kirk, Head Nurse at Greenwood County Detention Center | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter comes before the Court for review of the magistrate's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C., and filed on September 24, 2007. The magistrate recommends denying Defendant Kirk's Motion for Summary Judgment based on improper service, but granting both defendants' Motions for Summary Judgment on their merits. For the reasons herein, this Court adopts the magistrates recommendation.

**Background**

Plaintiff, a state prisoner, filed this action on February 6, 2007, pursuant to 42 U.S.C. § 1983, complaining about inadequate medical care. The defendants filed separate Motions for Summary Judgment; Defendant Gordineer filed his on May 15, 2007, and Defendant Kirk filed hers on June 13, 2007. Defendant' Kirk's Motion for

1

Summary Judgment only argued that dismissal was proper due to improper service; however, on July 13, 2007, Defendant Kirk filed a reply brief arguing the merits of the plaintiff's complaint.  After each defendant filed their Motions for Summary Judgment, the magistrate issued an order pursuant to *Rosboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising the plaintiff of the summary judgment dismissal procedure and its consequences.  The defendant responded to both motions jointly on July 3, 2007.

## **Discussion**

Plaintiff brings this claim *pro se*.  This Court is required to construe *pro se* pleadings liberally.  Such pleadings are held to a less stringent standard than those drafted by attorneys.  *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim.  *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court.  *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."  28 U.S.C. § 636(b)(1).  This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id*.  In

the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983). Plaintiff has filed no objections.

## Conclusion

After a review of the record, this Court finds that the magistrate's Report and Recommendation accurately summarizes this case and the applicable law. Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

IT IS THEREFORE ORDERED that Defendant Kirk's Motion for Summary Judgment on the basis that she was not properly served be DENIED, that the defendants' Motions for Summary Judgment on the merits be GRANTED, and that all other motions be DENIED as moot.

**IT IS SO ORDERED.**

October 22, 2007
Anderson, South Carolina

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

## NOTICE OF RIGHT TO APPEAL

Plaintiff has the right to appeal this Order within thirty (30) days from the date of the entry of this Order, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.